UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER E. YONKA,

    Plaintiff,                                No. 20-11777

v.                                          Honorable Nancy G. Edmunds

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [23]; ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [20]; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [17]; AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [18]**

    This matter is before the Court on Plaintiff's objections to the Magistrate Judge's report and recommendation. (ECF No. 23.) Having conducted a de novo review of the parts of the Magistrate Judge's report and recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth therein and below, the Court denies Plaintiff's objections. The Court affirms the Commissioner's decision in accordance with 42 U.S.C. § 405(g).

    Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on August 24, 2017. (Tr. 57, 71.) The alleged disability onset date is January 1, 2017. (Tr. 192.) Her claims were denied and she requested a hearing before an administrative law judge ("ALJ"), which was held on April 18, 2019. The ALJ issued an opinion dated April 30, 2019, finding that Plaintiff was not disabled within the meaning of the Social Security Act at any time from the January 1, 2017 onset date through the date

1

of the decision. (Tr. 28-29.) The appeals council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-5.)

Plaintiff filed a complaint with this Court on June 30, 2020. (ECF No. 1.) Plaintiff filed a motion for summary judgment on January 27, 2021. (ECF No. 17.) Defendant filed a motion for summary judgment on February 9, 2021. (ECF No. 18.) Plaintiff filed a response on March 10, 2021. (ECF No. 19.) The Magistrate Judge entered a report and recommendation on June 28, 2021, recommending denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment. (ECF No. 20.) Plaintiff raises five objections to the report and recommendation and Defendant responded to those objections. (ECF No. 23, 24.)

The Court has reviewed the pleadings, including the ALJ's decision, the record transcript, the Magistrate Judge's report and recommendation and the objection and response. The ALJ's findings and the pertinent portions of the administrative record are accurately and adequately set forth in the Magistrate Judge's report and recommendation as necessary to the analysis, and the Court adopts them here. (ECF No. 20.)

I.  **Standard of Review**

   A.  **De Novo Review of Objections**

Where a party has properly objected to a magistrate judge's report and recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### B. Substantial Evidence Standard

"This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)). Substantial evidence is "'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion, *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

## II. Analysis

### A. Objection #1

The ALJ concluded that Plaintiff had the severe impairments of fibromyalgia and degenerative disc disease. Plaintiff underwent an L5-S1 bilateral anterior lumbar interbody fusion with instrumentation on June 20, 2018, performed by Daniel K. Park, MD. (Tr. 485-86.) It is this spinal surgery and the ensuing medical evidence and events that were primarily at issue in Plaintiff's motion for summary judgment.

The record contains "Lumbar and Thoracic Spine Surgery Discharge Instructions," completed by a nurse and "reviewed with Dr. Park verbally," noting an admission date of 6/20/2018 and a discharge date of 6/21/2018. (Tr. 496-98.) The Discharge Instructions include restrictions on Plaintiff's activities such as bending, lifting, twisting her back, walking and using stairs; admonished her not to "lift objects weighing more than 10 pounds until advised by your doctor"; discussed bed mobility (getting in and out of bed, and maneuvers to avoid while lying on her back); and directed that Plaintiff was "not allowed to drive." (Tr. 496.)

Plaintiff's first objection is that the "Magistrate Judge . . . has misunderstood Plaintiff's argument" with respect to these post-operative restrictions, which she refers to as "Dr. Park's Restrictions." (ECF No. 23, PageID.640.) She argues that the only rationale the ALJ "provided for disregarding these restrictions is factually in error" and therefore the ALJ's finding is not supported by substantial evidence. (*Id.*) This is essentially the argument made in her motion for summary judgment, where she argues that the ALJ failed to properly evaluate and weigh both the medical restrictions given by Dr. Park and his opinion that she needed an additional surgery. (ECF No. 17, PageID.574.)

The ALJ addressed these post-surgical restrictions as follows: "The post-surgery restrictions are not persuasive, as there is no indication that these restrictions would be permanent and outlive the normal recuperation period following this type of surgery." (TR. 24.) Plaintiff argues that the medical record does not provide a basis for this conclusion nor a basis for believing that Plaintiff had "a normal recuperation" period. (ECF No. 17 PageID.576.) She acknowledges in the objections that Dr. Park likely did not intend these restrictions to be permanent when he made them, yet in her motion for summary

4

judgment, she argued that "[t]here is nothing in the medical record indicating that Dr. Park ever intended to lift these restrictions or that [Plaintiff] had a normal recovery period." (ECF No. 23, PageID.640; ECF No. 17 PageID.577.)

The Magistrate Judge relied on case law holding that an ALJ did not err in acknowledging either that post-surgical limitations were intended to be temporary, or that they lacked an indication that they were intended to be enduring. *See Holloway v. Comm'r of Soc. Sec.*, 2015 WL 3970818, at *9 (M.D. Tenn. June 30, 2015) (The plaintiff argued that restrictions contained in discharge summaries were deserving of deference. "While they may not have been explicitly recognized as temporary, these restrictions were given in a 'discharge summary,' alongside such other provisions as plaintiff's condition on discharge and instructions on post-discharge wound care, diet, and follow-up appointments. Accordingly, the undersigned finds that, in the absence of any indication that these were intended to be enduring restrictions, the ALJ was fully justified in not analyzing them as treating physician opinions."); and *Lawrence v. Colvin*, 2014 WL 3512603, at *8 (D. Or. July 10, 2014); *see also Sims v. Comm'r Soc. Sec.*, 2019 WL 7169248, at *5 (E.D. Mich. Nov. 22, 2019) ("The restrictions set forth in the discharge instructions bear all the indicia of temporary restrictions, not those expected to last at least 12 months.").

The Court finds that the ALJ did not err in noting that these were post-surgical restrictions, lacking in any indicia that they were intended to be permanent or even last beyond a recovery period. The Discharge Instructions also included incisional care, and advice on showering and bed mobility. (Tr. 496-97.) Though Plaintiff argues that the suggestion, nearly 6 months later, that she may need another surgery, somehow negates

5

the temporary nature of the June 2018 discharge summary post-surgical restrictions, it is simply speculative as to which, if any, of these restrictions would be ongoing. The ALJ properly considered post-surgical examinations in which improvement in pain and mobility was noted and acknowledged Dr. Park's January 2019 progress notes that a CT scan showed a non-union at L5-S1. (Tr. 24-25, 468.) The ALJ's finding that the Discharge Instructions' restrictions were temporary and that the record lacked evidence that the restrictions were meant to be permanent or last beyond a recovery period was properly explained and supported by substantial evidence. The Magistrate Judge correctly considered this issue. The Court denies Plaintiff's objection #1.

### B. Objection #2

Next, Plaintiff objects that the ALJ "provides no analysis (other than normal recovery after surgery) to provide a rationale for his RFC holding with the Magistrate Judge deferring to the ALJ." (ECF No. 23, PageID.641.) Plaintiff argues that the RFC is inconsistent with what she calls "Dr. Park's opinions," the objective testing, her testimony of disabling pain and the need for a second lumbar fusion surgery. (Tr. 23, PageID.641-422.) To the extent Plaintiff relies on the Discharge Instructions' restrictions to bolster this argument, the Court finds no error in the ALJ's consideration of those restrictions, as set forth above.

The ALJ considered and referenced the treatment notes of record following Plaintiff's June 2018 laminectomy. The ALJ accurately cited the post-surgical visits, noting that Plaintiff's pain was rated at a 3 of 10 at each of the visits. (ECF No. 23, PageID.642; Tr. 24-25.)

To the extent Plaintiff argues that the ALJ erred in not giving sufficient consideration, or not mentioning, the potential for a second surgery, the medical evidence of record on which Plaintiff bases this argument is a January 17, 2019, progress note from Dr. Park, providing as follows: "Ct shows nonunion of l5-s1. Mri shows stenosis l45 and degeneration l45 and stenosis. If fails, likely needs l4-s1 lami/fusion." (Tr. 468, punctuation added where line breaks occurred). The progress note sets forth only a possibility for surgery "if fails." When the ALJ cited this record, he noted that it lacked an accompanying report and "physician notes outlining a treatment modality." (Tr. 25.) At the April 18, 2019 hearing, Plaintiff testified that she was going to see her surgeon on May 21 or 22 and that he wanted to do another back surgery at L-4, yet she did not submit further medical evidence to the ALJ and the surgery did not occur during the relevant time frame. (Tr. 49.) Aside from Plaintiff's testimony, there was no medical evidence before the ALJ that a surgery was imminent. (Tr. 49.) The Court finds that the ALJ properly considered the evidence before him regarding the status of the first fusion during the relevant period.

It is worth noting that Plaintiff did not directly challenge the ALJ's residual functional capacity analysis in her motion for summary judgment, aside from challenging the ALJ's consideration of the restrictions set forth in the Discharge Instructions. "Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir.1998)).

### C.     Objection #3

In objection #3, Plaintiff again challenges the ALJ's conclusions with respect to the restrictions set forth in the Discharge Instructions. Plaintiff states that "the ALJ has failed to provide any rationale (other than Plaintiff had a normal recovery period) to explain how his RFC is consistent with Dr. Park's restrictions, Ms. Yonka's complaints of disabling pain, the CT scan and MRI findings of stenosis and non-union, or the need for a second lumbar fusion surgery requiring remand." (ECF No. 23, PageID.644.)

As set forth above, the ALJ properly considered the Discharge Instructions and the January 17, 2019 progress note. To the extent that Plaintiff's objection is that the resultant RFC is not supported by substantial evidence, Plaintiff did not directly challenge the ALJ's residual functional capacity analysis in her motion for summary judgment, aside from challenging the ALJ's analysis of the Discharge Instructions' restrictions. The Magistrate Judge correctly noted that Plaintiff's motion concluded with the statement that "the residual functional capacity assessment provided by [the] ALJ . . . is not supported by any substantial evidence of record requiring reversal," and did not contain any further factual or legal development. (ECF No. 20, PageID.629, citing ECF No. 17, PageID.581.) "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Rice v. Comm'r*, 169 Fed. Appx. 452, 454 (6th Cir. Feb. 27, 2006) (citations omitted); *see also McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Even if Plaintiff's objection to the RFC had not been waived, a review of the issue on the merits shows that the ALJ's RFC is supported by substantial evidence.

The ALJ found that Plaintiff had the RFC to perform light work[1], and can only occasionally climb ramps or stairs and balance. (Tr. 22-23.) The RFC is supported by substantial evidence including a state agency medical consultant's assessment dated March 28, 2018, concluding that Plaintiff could perform light work, but with no further postural limitations. The ALJ explained that this conclusion was not persuasive because the overall record supported additional postural limitations with respect to climbing stairs or ramps and balancing, due to "physical pain and limited range of motion from fibromyalgia and degenerative disc disease." (Tr. 25-26.) In his decision, the ALJ cited Plaintiff's testimony that her back pain is aggravated by climbing stairs. (Tr. 23.)

The ALJ also considered a consultative medical examination dated March 26, 2018, by a doctor who concluded that Plaintiff would "be able to perform her usual and customary activities including her occupational duties without any restrictions" and that "[c]linically there is no evidence of fibromyalgic signs." (Tr. 399-407.) The ALJ noted that the conclusion that she would have no restrictions was "not persuasive," pointing out her physical pain and limited range of motion. The ALJ properly explained the RFC and it was supported by substantial evidence.

D.   **Objection #4**

Plaintiff objects that the "ALJ finding without any specific rationale that Plaintiff's testimony of disabling pain is not consistent with the medical evidence is not supported by the medical evidence of record requiring reversal." (ECF No. 23, PageID.646.) Defendant argues that Plaintiff's motion for summary judgment failed to develop an

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567 (b),  416.967(b).

argument challenging the ALJ's analysis of Plaintiff's complaints of the severity of her symptoms, yet the Magistrate Judge acknowledged that "there was some development of the argument" and properly addressed it. (ECF No. 20, PageID.627.)

"In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(a), (c), 416.929(a), (c).  "In evaluating the intensity and persistence of your symptoms, including pain, we will consider all of the available evidence, including your medical history, the medical signs and laboratory findings, and statements about how your symptoms affect you." *Id.* "We will then determine the extent to which your alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings and other evidence to decide how your symptoms affect your ability to work." *Id.*

The Magistrate Judge properly pointed out where the ALJ had considered both Plaintiff's subjective complaints of low back pain and the medical evidence of record and included both in the decision. (ECF No. 20, PageID.628; Tr. 23-26.) The ALJ considered pre-surgery records and non-surgical treatment for Plaintiff's degenerative disc disease and fibromyalgia, as well as the L5-S1 surgical treatment, and post-surgical records. (Tr. 23-24.) The ALJ considered and cited Plaintiff's testimony about her back pain, including her need to shift positions due to pain and that her pain is always at least at a 5 on a scale of 1 to 10 and that it was a 6 at the hearing, after using pain medication. (Tr. 23; ECF No. 23, PageID.645.) Yet that ALJ also pointed out that at two post-surgical appointments in August and October 2018, Plaintiff reported her pain as a 3 out of 10. (Tr. 25, 464, 466.)

The ALJ also considered other factors as required by 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3), including that Plaintiff was able to cook and perform household chores with taking breaks, that certain activities aggravate back pain including climbing stairs. (Tr. 23.) He noted that a July 2017 lumbar epidural steroid injection provided about 30-percent relief, but the second injection provided no benefit. (Tr. 24.) The ALJ noted a normal EMG of the lower extremities in October 2017. (Tr. 430.) The ALJ also considered medical opinions and accompanying findings, including from March 2018 that concluded in one instance that Plaintiff had no physical restrictions and another that found she could perform work at the light exertional level. (Tr. 25, 65-67. 399-402.) The ALJ noted that the examining doctor reported that Plaintiff ambulated with a mild limp on examination, and "after the examination was over she walked out of the examination room normally." (Tr. 400.) The doctor noted that she was full weight bearing on both legs, could squat fully and stand up independently. (Tr. 400.) It is worth noting that the ALJ did not err in citing medical evidence that dated prior to the alleged onset date. (ECF No. 23, PageID.646.) The lumbar spine x-ray performed December 20, 2016, was only weeks prior to the onset date, and the ALJ included it in a chronology of evidence and progression of treatment through the January 2019 CT scan and MRI. (Tr. 24-25.) The ALJ's conclusion that the severity of the symptoms alleged by Plaintiff was not entirely consistent with the medical and other evidence in the record is supported by substantial evidence. (Tr. 23.)

### E.     Objection #5

Finally, Plaintiff objects to the Magistrate Judge's recommendation that the evidence that Plaintiff was scheduled for an additional fusion surgery after the ALJ hearing and decision is not new and material evidence and does not warrant a sentence

six remand. (ECF No. 23, PageID.647.) The Plaintiff's testimony that Dr. Park "wants to do another back surgery" on her "L-4", as well as the January 2019 record of the CT Scan were both before the ALJ. (Tr. 49, 468.) The additional evidence for which Plaintiff appears to request a remand is a June 28, 2019 note from Dr. Park, as follows: "To whom it may concern: Ms. Yonka is scheduled to have surgery on August 19th, 2019." (Tr. 13, ECF No. 14, PageID.54.)

"The court is confined to review evidence that was available to the Secretary, and to determine whether the decision of the Secretary is supported by substantial evidence." *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The court may still remand the case to the ALJ to consider this additional evidence but only upon a showing that the evidence is new and material and "that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). This is referred to as a "sentence six remand" under 42 U.S.C. § 405(g). *See Delgado v. Comm'r of Soc. Sec.*, 30 Fed. Appx. 542, 549 (6th Cir. 2002). The party seeking remand has the burden of showing that it is warranted. *See Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). "In order for the claimant to satisfy this burden of proof as to materiality, he must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Id.* (citing *Carroll v. Califano*, 619 F.2d 1157, 1162 (6th Cir. 1980)); *see also Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993) ("Where a party presents new evidence on appeal, this court can remand for further consideration of the evidence only where the party seeking remand

shows that the new evidence is material.") (citations omitted). The evidence must also relate "to the period on or before the date of the [administrative law judge] hearing decision." 20 C.F.R.§ 404.970. "Evidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial." *Wyatt*, 974 F.2d at 685 (citing *Sizemore*, 865 F.2d at 712).

The Court agrees with the Magistrate Judge that Plaintiff did not show good cause for failing to present this information at or prior to the ALJ's hearing. "'[G]ood cause,' ... is not established solely based on the fact that the new evidence was not generated until after the ALJ's decision; the Sixth Circuit has taken a 'harder line' on the good cause test." *Estrada v. Comm'r of Soc. Sec.*, 2017 WL 4106247, at *5 (E.D. Mich. Aug. 4, 2017) (citing *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986)). While Plaintiff's testimony shows that she did not have a specific surgery date at the time of the hearing, a note from her doctor, indicating that a surgery was necessary and was going to be scheduled at a later date would have timely provided the substance that the June 28, 2019 note provides.

The Court also agrees with the Magistrate Judge that Plaintiff has not shown that the note is "new." Much of the substance of this information (that a surgery may be upcoming) was before the ALJ when he made his decision. This note sheds no additional light on the purpose of the surgery, Plaintiff's current recovery status, Plaintiff's current symptoms and their severity, nor functional or other limitations or restrictions. Further, Plaintiff has not shown a reasonably probability that the ALJ would have reached a different disposition of her claim with this additional evidence. While the note evidences the necessity of a second surgery (arguably related to the first when read in conjunction

13

with the January 2019 CT scan and MRI, but the note does not give specific information), it is merely speculative as to what additional light it sheds on Plaintiff's symptoms or resultant limitations.

The Magistrate Judge properly recommended that Plaintiff had not met the burden to show that a sentence six remand is warranted. Objection #5 and Plaintiff's request for a sentence six remand are denied.

### III. Conclusion

For the reasons stated herein, the Court DENIES Plaintiff's objections (ECF No. 23), ACCEPTS the Magistrate Judge's Report and Recommendation (ECF No. 20), DENIES Plaintiff's motion for summary judgment (ECF No. 17), GRANTS Defendant's Motion for Summary Judgment (ECF No. 18), and AFFIRMS the decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 29, 2021


I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager